UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERENCE D. MACLIN, JR.,

    Petitioner,

v.                                                      Case No. 25-cv-2046-pp

DENITA R. BALL,

    Respondent.

**ORDER OVERRULING OBJECTION (DKT. NO. 8), ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 6), DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1) AND DISMISSING CASE**

    Petitioner Terence D. Maclin Jr. filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, seeking the dismissal of his state court criminal proceedings, arguing that the State of Wisconsin violated his speedy trial rights under Wis. Stat. §971.10(2)(A) and the Sixth Amendment. Dkt. No. 1. On January 15, 2026, Magistrate Judge Nancy Joseph issued an order denying the petitioner's motion to proceed without prepaying the filing fee and recommending that this Article III court dismiss the petition because the state-law claim is not cognizable and the federal claim fails because the petitioner seeks dismissal. Dkt. No. 6. The petitioner objected to the recommendation. Dkt. No. 8. The court will overrule the objection, adopt Judge Joseph's recommendation and dismiss the case.

**I.    Background**

    A.    <u>Petition</u>

The petitioner alleges that in Case Number 25CF1128, his attorney demanded a ninety-day speedy trial on July 30, 2025. Dkt. No. 1 at 2, 4. He

1

says that on November 17, 2025, Judge David Borowski denied him a signature bond, which he asserts violated his statutory and constitutional rights to a speedy trial. Id. at 3. In his request for relief, the petitioner writes:

> Continued detention held on bail without modification, despite the state's Failure to comply with the speedy trial statute, Dismissal is the required remedy. Failure to bring a defendant to trial within the statutory timeframe necessitates mandatory dismissal pursuant to Article I Section 7 of the Wisconsin Constitution, and pursuant to Wis. Stat. §971.10 sec. (2)(A) and the 6th Amendment U.S. Constitution.

Id. at 12.

### B. Report and Recommendation

In reviewing the petitioner's motion for leave to proceed without prepaying the filing fee, Judge Joseph concluded that he had sufficient assets to pay the $5 federal *habeas* filing fee and denied the motion, but she determined that it would be futile to require the petitioner to pay the fee because it plainly appeared from the face of the petition that he was not entitled to relief in this federal court. Dkt. No. 6 at 2.

Judge Jospeh pointed out that the petitioner had alleged a speedy trial violation. Id. He argued that his attorney made the ninety-day speedy trial request on July 30, 2025, and that the original trial was set for November 17, 2025—beyond the ninety-day deadline. Id. The petitioner asserted that at the November 17 hearing, his attorney had pointed out the violation and requested a signature bond, but that the judge denied that request and set a March 23, 2026 trial date. Id.

Judge Joseph recommends that this court dismiss the petition because a speedy trial violation under Wisconsin law is not cognizable on federal *habeas* review. Id. (citing Lechner v. Frank, 341 F.3d 635, 642 (7th Cir. 2003)). She adds that the petitioner's Sixth Amendment claim fails because the petitioner is

2

Case 2:25-cv-02046-PP    Filed 02/11/26    Page 2 of 7    Document 9

seeking dismissal—not forcing a trial, which is the only basis for *habeas* relief. Id. at 3 (citing Hirsch v. Smitley, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999)).

    C.    Objection

The petitioner objects, asserting that the court may grant a §2241 petition filed by a person in custody in violation of the Constitution. Dkt. No. 8 at 1. He reiterates that his attorney made a speedy trial demand and that Judge Borowski said they were not ready to proceed to trial on November 17, 2025. Id. at 2. He argues that Wis. Stat. §971.10(2)(A)(4) requires the discharge of any defendant who is not tried within the speedy trial deadline. Id. He adds that the statute does not permit continuances based on the court's calendar, lack of diligence or failure to obtain available witnesses. Id. (citing Wis. Stat. §971.10(3)(C).

The petitioner explains that he has no DOC hold that would prevent him from being released on bond. Id. at 2. According to the petitioner, Judge Borowski refused to modify the petitioner's bail "in any kind of way" and said "take it up with the Appeal Courts." Id. The petitioner believes that Judge Borowski was acknowledging a violation of his constitutional rights. Id. at 3. The petitioner wants to be at home on GPS monitoring "fighting [his] case from the streets." Id.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 72(b)(3), the district court must review *de novo*—without deference to the magistrate judge—any part of the magistrate judge's recommendation to which a party properly objects. See 28 U.S.C. §636(b)(1)(C). The court can accept, reject or modify (in whole or in part) the magistrate judge's findings or recommendations.

3

Under §2241, an incarcerated person may seek *habeas* relief if he or she is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that a district court may apply those rules to "a *habeas corpus* petition not covered by Rule 1(a)." A §2241 petition is a *habeas corpus* petition not covered by Rule 1(a), so this court may exercise its discretion to apply the Rules Governing Section 2254 Cases in the United States District Courts to this case.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

### III. Discussion

A federal court's ability to grant *habeas* relief under §2241 is limited where the petitioner is awaiting trial on state charges. The Supreme Court has recognized that there is a "fundamental policy against federal interference with state criminal prosecutions." Younger v. Harris, 401 U.S. 37, 46 (1971). A federal court should not intervene in ongoing state criminal proceedings as long as the state court provides the petitioner an opportunity to raise the federal claims and no exceptional circumstances exist. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (citing Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007)). In most cases, the petitioner must wait for the conclusion of the state proceedings. Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. Id.

The publicly available docket shows that the petitioner has been charged in with six counts: first-degree intentional homicide; first-degree recklessly endangering safety, attempted armed robbery, two counts of being a prohibited person in possession of a firearm and sale/possession/use/transport of machine guns. State v. Maclin, Milwaukee County Circuit Court Case No. 2025CF00128 (available at https://wcca.wicourts.gov). The state court discussed the petitioner's speedy trial demand at the final pretrial conference on November 4, 2025. Id. Three days later, the defense reported that the defendant remained in "revoked status" and therefore did not qualify for a speedy trial. Id. On November 17, 2025, the defense requested an adjournment and the court scheduled a motion hearing with a jury trial scheduled for March 23, 2026. Id. It appears that after he filed his petition in this court, the petitioner filed a petition/writ with the Wisconsin Court of Appeals and that the circuit court has scheduled a motion hearing regarding joinder for February 20, 2026. Id.

There is some discrepancy between what the petitioner states in his petition and what appears on the docket. The docket reflects that the defense asked to adjourn the trial date and that there is a motion hearing scheduled. Regardless, in his federal petition the petitioner has asked this court to dismiss the case because of the alleged speedy trial violation. Dkt. No. 1 at 12. In his objection, he also appears to be asking for a signature bond. Dkt. No. 8 at 2. Under either scenario, his claim is not cognizable in its current posture. "[S]peedy trial claims" raised in a §2241 petition "are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." Birkley v. Lucas, Case No. 21-CV-332, 2021 WL 1723453, at *2 (E.D. Wis. Mar, 29, 2021) (citing Graf v. Clarke, Case No. 14-C-1205, 2014 WL

5

5361309, at *1 (E.D. Wis. Oct. 20, 2014); see also Hirsch v. Smitley, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright." (collecting cases)). To the extent that the petitioner is claiming that the state court has violated his right to a speedy trial under Wis. Stat. §971.10, he is not entitled to federal *habeas* relief based on errors of state law. Lechner, 341 F.3d at 642 (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

The court must deny the petition.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists would not debate that the petitioner is not entitled to federal *habeas* relief.

## V. Conclusion

The court **OVERRULES** the petitioner's objection. Dkt. No. 8.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 6.

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

6

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 11th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**